UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ROBERT LEA, TIMOTHY RICHARDSON, and CHASE SACKETT, Individually and on Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BAKER HUGHES, INC.,<br><br>Defendant. | Case No. 3:13-cv-447<br><br><br><br><br><br><br><br>Class & Collective Action |

# FIRST AMENDED CLASS & COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Plaintiffs Robert Lea, Timothy Richardson, and Chase Sackett bring this class and collective action complaint against Baker Hughes, Inc. to recover the unpaid overtime wages owed to Baker Hughes' Field Specialists under state and federal law.

## JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. The Court has original jurisdiction over the state law classes pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. §1332(d). In addition

or alternatively, the Court has supplemental jurisdiction over the various state law classes pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Division under 28 U.S.C. § 1391(a).

## PARTIES

5. Lea is a Field Specialist employed at Baker Hughes until 2014. He was employed in numerous states, including New Mexico and North Dakota. He regularly worked more than 12 hours a day, and 40 hours a week, without receiving the overtime pay required by state and/or federal law. His written consent is attached.

6. Richardson was a Field Specialist employed at Baker Hughes in several states, including California, within the applicable limitations periods. He regularly worked more than 12 hours a day, and 40 hours a week, without receiving the overtime pay required by state and/or federal law. His written consent is attached.

7. Sackett was a Field Specialist employed at Baker Hughes in Ohio and Pennsylvania within the applicable limitations periods. He regularly worked more than 12 hours a day, and 40 hours a week, without receiving the overtime pay required by state and/or federal law. His written consent is attached.

8. Plaintiffs bring this action on behalf of themselves and all other similarly situated Field Specialists under §16(b) of the FLSA 29 U.S.C. §216(b) (the "FLSA Class"). Plaintiffs and the FLSA Class were subjected to similar violations of the FLSA. The class of similarly situated employees under 29 U.S.C. §216(b) is properly defined as:

**All Field Specialists employed by Baker Hughes during the past 3 years.**

The members of the FLSA Class are ascertainable from Baker Hughes' business records, in particularly its personnel records.

9. Baker Hughes employed at least 200 Field Specialists in the United States during the past 3 years.

10. Additionally, pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action on behalf of Field Specialists employed in Alaska, California, New Mexico, North Dakota, Ohio, and/or Pennsylvania (collectively, the "State Law Classes"), during the applicable statutory time periods. Plaintiffs seek class certification under Fed. R. Civ. P. 23 of the following state law sub-classes:

    a. All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January 1, 2012 through the applicable date of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area in Alaska (the "Alaska Class");

    b. All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January 1, 2010 through the applicable date of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area in California (the "California Class");

    c. All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January 1, 2011 through

      the applicable date of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area in New Mexico (the "New Mexico Class");

d. All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January 1, 2012 through the applicable date of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area in North Dakota (the "North Dakota Class");

e. All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January 1, 2012 through the applicable date of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area in Ohio (the "Ohio Class"); and

f. All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January 1, 2011 through the applicable date of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area in Pennsylvania (the "Pennsylvania Class").

11. Baker Hughes retained Michael Muskat of Muskat, Mahony & Martinez LLP as outside counsel in connection with the allegations in this complaint. Baker Hughes has appeared herein.

## FACTUAL ALLEGATIONS

12. Baker Hughes is a large oilfield services company. It operates globally.

13. Plaintiffs and all those similarly situated to him worked for Baker Hughes as Field Specialists. Field Specialists perform skilled technical services, usually at the wellsite.

14. Field Specialists work long hours. Indeed, Baker Hughes informs new hires they will regularly more than 40 hours a week, and to be on-call 24/7, during every workweek.

15. While in the field, Field Specialists regularly work more than 12 hours in a day, and more than 80 hours in a week. As an example, Lea worked an average of more than 12 hours per day, 7 days a week, from June 20, 2012 to July 30, 2012.

16. But Baker Hughes did not pay Plaintiffs or the other Field Specialists the required overtime for hours worked in excess of 40 in a workweek (nor, when state law required, for hours worked in excess of 8 or 12 hours in a day).

17. As a result of Baker Hughes' policies, Plaintiffs, the FLSA Class, and the State Law Classes, were denied the overtime pay required by state and/or federal law.

18. Baker Hughes knew, or showed reckless disregard for whether, Plaintiffs, the FLSA Class, and the State Law Classes, were entitled to overtime pay under state and/or federal law.

## COLLECTIVE/CLASS ALLEGATIONS

19. Plaintiffs bring claims under the FLSA as a collective action on behalf of those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the state

law sub-classes are pursued on behalf of all similarly situated persons who choose not to opt-out of the State Law Classes pursuant to Fed. R. Civ. P. 23.

20. Baker Hughes employed at least 200 Field Specialists in the United States during the past 3 years. These workers are geographically disbursed, residing and working in states from Alaska to Pennsylvania. Because these workers do not have fixed work locations, Field Specialists work in many different states across the country in the course of a given year. For example, Lea worked at least one workweek of more than 40 hours in Colorado, New Mexico, North Carolina, Texas, and Wyoming. Lea also worked more than 12 hours a day while employed in Colorado.

21. At least 50 Field Specialists have worked at least one workweek of more than 40 hours in Alaska in the past 2 years.

22. At least 50 Field Specialists have worked at least one workweek of more than 40 hours, and/or one day of more than 12 hours, in California in the past 4 years.

23. At least 50 Field Specialists have worked at least one workweek of more than 40 hours in New Mexico, North Dakota, and/or Ohio in the past 3 years.

24. At least 50 Field Specialists have worked at least one workweek of more than 40 hours in Pennsylvania in the past 3 years.

25. Plaintiffs will fairly and adequately protect the interests of the FLSA and State Law Classes. They retained counsel who is experienced and competent in class action and employment litigation.

26. Plaintiffs have no interests contrary to, or in conflict with, the members of the classes. Like each member of the proposed classes, Plaintiffs have an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

27. A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

28. Absent these actions, many members of the classes likely will not obtain redress of their injuries and Baker Hughes will retain the proceeds of its violations of the FLSA and the applicable state labor laws.

29. Furthermore, even if particular members of the classes could afford individual litigation against Baker Hughes, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

30. There is a well-defined community of interest in the questions of law and fact affecting the State Law Classes as a whole. The questions of law and fact common to each of the State Law Classes predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Baker Hughes employed members of the State Law Classes within the meaning of the applicable statutes, including the FLSA;

    b. Whether Field Specialists were improperly classified by Baker Hughes as exempt from overtime compensation;

  c. Whether Baker Hughes' decision to classify Field Specialists as exempt was made in good faith;

  d. Whether Baker Hughes' violation of the FLSA and/or the various state wage and hour laws was willful;

  e. Whether Baker Hughes failed to pay Plaintiffs, the FLSA Class, and the State Law Classes overtime pay due to them by virtue of their uniform designation as exempt; and

  f. Whether Baker Hughes kept adequate records of the hours worked by its Field Specialists.

31. Plaintiffs' claims are typical of the claims of members of the classes. Plaintiffs, the FLSA Class, and the State Law Classes, have sustained damages arising out of Baker Hughes' wrongful and uniform employment policy.

32. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective or class action.

## CAUSES OF ACTION

### First Cause of Action: Violation of the FLSA

33. At all relevant times, Baker Hughes has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

34. Baker Hughes employed Plaintiffs and each member of the FLSA Class.

35.     During the limitations period, Baker Hughes had a policy and practice of refusing to pay Field Specialists overtime for hours worked in excess of 40 per week.

36.     Baker Hughes' failure to pay Plaintiffs and the FLSA Class overtime at rates not less than one and one-half times their regular rates is a violation of 29 U.S.C. § 207.

37.     The foregoing conduct constitutes a willful violation of the FLSA. Due to Baker Hughes' FLSA violations, Plaintiffs and the members of the FLSA Class are entitled to recover from Baker Hughes their unpaid overtime compensation, an equal as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action.

**Second Cause of Action: Violation of the Alaska Wage & Hour Act**

38.     Baker Hughes treated Plaintiffs and the Alaska Class as exempt from the Alaska Wage & Hour Act and denied them overtime wages. Baker Hughes suffered or permitted the Alaska Class to work more than 8 and/or 40 hours in a week, in Alaska, without paying them overtime as required by the Alaska Wage & Hour Act.

39.     By failing to pay overtime to the Alaska Class, Baker Hughes violated the Alaska Wage & Hour Act, which requires overtime compensation to non-exempt employees.

40.     As a result of Baker Hughes' unlawful acts, the Alaska Class has been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, plus interest thereon, attorneys' fees, and costs, under AS § 23.10.110.

### Third Cause of Action— Failure to Pay Overtime (California Class)

41. Baker Hughes treated Richardson and the California Class as exempt from the applicable state and federal overtime laws and denied them overtime wages. Baker Hughes suffered or permitted the California Class (including Richardson) to work more than 8 and/or 12 hour in a day, and/or 40 hours in a week, in California, without paying them overtime as required by the California Labor Code.

42. By failing to pay overtime to Richardson and the California Class, Baker Hughes violated the California Labor Code and the provisions of the applicable I.W.C. Wage Order, which require overtime compensation to non-exempt employees.

43. As a result of Baker Hughes' unlawful acts, Richardson and the California Class have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

### Fourth Cause of Action—Failure to Provide Meal & Rest Breaks (California Class)

44. Baker Hughes employed Richardson and the California Class for work periods of more than 5 hours per day. Baker Hughes had an affirmative obligation to ensure that employees were actually relieved of all duty in order to take uninterrupted 30 minute meal periods in the first five hours of work each day.

45. Baker Hughes regularly violated its obligations to provide meal periods, with the result that Richardson and the California Class were not provided the legally required meal periods.

46. Nor did Baker Hughes provide Richardson or those similarly situated to him with the rest breaks required by California law. Richardson and the California Class routinely worked more than 5 hours in row without being provided any rest break whatsoever.

47. Therefore, Richardson and the California Class are entitled to be paid one hour of pay for each day they were not provided with the required meal and/or rest periods.

**Fifth Cause of Action—Failure to Pay Final Wages (California Class)**

48. California Labor Code § 201 requires an employer who discharges an employee to pay all unpaid wages owed to that employee immediately.

49. California Labor Code § 202 requires an employer to pay all wages owed to an employee within 72 hours of that employee's resignation.

50. Under California Labor Code § 203, an employer willfully failing to pay all wages due upon separation from employment is liable for continued wages for each day payment in full is not made, up to 30 days.

51. Under California Labor Code § 204, an employer must pay all wages earned by any person in any employment at least twice during each calendar month, on days designated in advance by the employer as the regular paydays.

52. Baker Hughes willfully failed to timely pay wages, including overtime, owed to Richardson and to certain members of the California Class during and after their employment terminated. Although Richardson left Baker Hughes' employment more than one year ago, he still has not been paid all wages.

53. As a result, Baker Hughes are liable to Richardson and other members of the California Class under California Labor Code Sections 201-204, for the penalties under California Labor Code Section 210, and for 30 days additional wages.

**Sixth Cause of Action—Violations of California UCL (California Class)**

54. California Business & Professions Code § 17200, known as the Unfair Competition Law (UCL), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

55. Section 17204 permits a person who has been injured and lost money, such as Richardson, to prosecute a civil action for violation of the UCL.

56. For at least four years preceding the filing of the original complaint in this matter, Baker Hughes engaged in unlawful, unfair and/or fraudulent business acts and practices as defined by § 17200 by engaging in the acts alleged in this Complaint. For example and not by way of limitation, Baker Hughes failed to pay overtime for all hours worked in excess of 8 and 12 hours a day, and/or 40 hours in a week for work, performed in California. This failure to pay overtime violated both federal and California state law.

57. The violations of law, including the FLSA and the California Labor Code, described herein serve as predicate acts and practices for the purposes of UCL § 17200.

58. As a direct and proximate result of Baker Hughes' unlawful, unfair, and/or fraudulent acts and practices described herein, it received and continues to hold ill-gotten gains belonging to Richardson and the Class Members. Baker Hughes profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those unpaid overtime compensation and interest accrued by Richardson and those similarly situated to him.

59. Richardson and the California Class are entitled to restitution pursuant to UCL §§ 17203 and 17208 for all unpaid overtime compensation and interest since four years from the filing of this action.

60. Richardson and the California Class are entitled to enforce all applicable penalty provisions of the California Labor Code pursuant to UCL § 17202.

61. Richardson's success in this action will enforce important rights affecting the public interest. In this regard, Richardson sues on behalf of the public as well as on behalf of himself and others similarly situated. Richardson seeks and is entitled to the unpaid compensation, declaratory, and any other appropriate remedy.

62. In order to prevent Baker Hughes from profiting and benefiting from wrongful and illegal acts and continuing those acts, an order requiring Baker Hughes to disgorge all the profits and gains reaped and restore such profits and gains to its workers, from whom they were unlawfully taken.

63. Richardson has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action that is in the public interest. Therefore, attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

64. Baker Hughes' acts described herein constitute unlawful business acts and practices in violation of the UCL, entitling Richardson and the California Class to recover their back wages, interest and costs.

**Seventh Cause of Action: Violation of the NMMWA (New Mexico Class)**

65. The conduct alleged in this Complaint violates the New Mexico Minimum Wage Act (NMMWA), NMSA § 50-4-19 *et seq.*

66. Baker Hughes was and is an "employer" within the meaning of the NMMWA. At all relevant times, Baker Hughes employed Lea, and each of the New Mexico Class members, as an "employee" within the meaning of the NMMWA.

67. The NMMWA requires an employer like Baker Hughes to pay overtime to all non-exempt employees. Lea and the other New Mexico Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

68. Within the applicable limitations period, Baker Hughes had a policy and practice of failing to pay overtime pay to the New Mexico Class members for their hours worked in excess of 40 hours per week.

69. As a result of Baker Hughes' failure to pay overtime to Lea and the New Mexico Class members at a rate not less than one and one-half times the regular rate of

pay for work performed in excess of forty hours in a workweek, Baker Hughes violated the NMMWA.

70. Lea and the other New Mexico Class members seek the amount of their underpayments based on Baker Hughes' failure to pay one and one half time their regular rates of pay for work performed in excess of 40 hours in a week, an equal amount as liquidated damages, and such other legal and equitable relief from Baker Hughes' willful conduct as the Court deems just and proper.

71. Lea and the New Mexico Class members seek recovery of attorneys' fees and costs of this action to be paid by Baker Hughes, as provided by the NMMWA.

### Eighth Cause of Action: Violation of North Dakota Wage Laws
### (North Dakota Class)

72. The conduct alleged in this complaint violates North Dakota Century Code Title 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin. Code § 46-02-07-01 *et seq.*) (the "North Dakota Wage Laws").

73. At all relevant times, Baker Hughes was subject to the requirements of the North Dakota Wage Laws. At all relevant times, Baker Hughes employed Lea, and each member of the North Dakota Class, as an "employee" within the meaning of the North Dakota Wage Laws.

74. The North Dakota Wage Laws require an employer like Baker Hughes to pay employees at one and one-half times the regular rate of pay for hours worked in

excess of 40 hours in any one week. Lea and the members of the North Dakota Class were entitled to overtime pay under the North Dakota Wage Laws.

75. Within the applicable limitations period, Baker Hughes had a policy and practice of failing to pay overtime to Lea and the other members of the North Dakota Class members for hours worked in excess of 40 hours per workweek.

76. Lea and the North Dakota Class seek unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

77. Lea and the North Dakota Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Baker Hughes, as provided by North Dakota law.

### Ninth Cause of Action: The Ohio Wage Act Claims (Ohio Class)

78. The conduct alleged in this complaint violates the Ohio Wage Act's overtime provisions. Ohio Rev. Code Ann. § 4111.01 *et seq*.

79. At all relevant times, Baker Hughes was subject to the requirements of the Ohio Wage Act. During the relevant times, Baker Hughes employed Sackett, and each member of the Ohio Class, as an "employee" within the meaning of the Ohio Wage Act.

80. The Ohio Wage Act requires an employer like Baker Hughes to pay employees at one and one-half times the regular rate of pay for hours worked in excess of

40 hours in any one week. Ohio Rev. Code Ann. § 4111.03. Sackett and the members of the Ohio Class were entitled to overtime pay under the Ohio Wage Act.

81. Within the applicable limitations period, Baker Hughes had a policy and practice of failing to pay overtime to Sackett and the other members of the Ohio Class members for hours worked in excess of 40 hours per workweek.

82. Sackett and the Ohio Class seek unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek; prejudgment interest; all available liquidated and/or penalty wages; and such other legal and equitable relief as the Court deems just and proper.

83. Sackett and the other members of the Ohio Class are entitled to recover all reasonable attorneys' fees, costs and expenses incurred in this action. Ohio Rev. Code Ann. § 4111.10.

### Tenth Cause of Action: Violation of Pennsylvania Laws
### (Pennsylvania Class)

84. The conduct alleged violates the Pennsylvania Minimum Wage Act (PMWA) (43 Pa. Stat. Ann. § 333.104).

85. At all relevant times, Baker Hughes was subject to the requirements of the PMWA. At all relevant times, Baker Hughes employed Sackett, and each member of the Pennsylvania Class, as an "employee" within the meaning of the PMWA.

86. The PMWA require an employer like Baker Hughes to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in

Case 3:13-cv-00447   Document 19   Filed in TXSD on 03/04/15   Page 18 of 20

any one week. Sackett and the members of the Pennsylvania Class were entitled to overtime pay under the PMWA.

87.  But Baker Hughes had a policy and practice of failing to pay overtime to Sackett and the other members of the Pennsylvania Class for hours worked in excess of 40 hours per workweek.

88.  Sackett and the Pennsylvania Class seek unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

89.  Sackett and the Pennsylvania Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Baker Hughes, as provided by the PMWA.

**PRAYER**

WHEREFORE, Plaintiffs pray for:

    a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Field Specialists to permit them to join this action by filing a written notice of consent;

    b. A judgment against Baker Hughes awarding Plaintiffs and the FLSA Class all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

- 18 -

c. An order certifying each of the State Law Classes as class actions pursuant to Fed. R. Civ. P. 23;

d. An order appointing Plaintiffs and their counsel as Class Counsel to represent the interests of the FLSA Class and the State Law Classes;

e. A judgment against Baker Hughes awarding the State Law Classes all their unpaid overtime compensation, damages, penalties, and/or interest under the applicable state laws;

f. An order awarding attorneys' fees, costs, and expenses;

g. Pre- and post-judgment interest; and

g. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: /s/ Rex Burch
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
S.D. Tex. No. 21615
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEY IN CHARGE FOR PLAINTIFFS AND THE PROPOSED CLASSES**

## CERTIFICATE OF SERVICE

I served a true and correct copy of this document on Defendant in accordance with Federal and Local Rules of Civil Procedure.

/s/ Rex Burch
_____
Richard J. (Rex) Burch