UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT LEA, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:13-CV-00447 |
| vs. | § § § | |
| BAKER HUGHES, INC., | § § | |
| Defendant. | § | |

## ORDER GRANTING FINAL APPROVAL OF
## COLLECTIVE AND CLASS ACTION SETTLEMENT
## AND FINAL JUDGMENT

The parties have submitted their Collective and Class Action Settlement Agreement (the "Settlement"), which this Court preliminarily approved in its March 5, 2015 order (Dkt. # 23). In accordance with the preliminary approval order, Class Members have been given notice of the terms of the Settlement. In addition, members of the Rule 23 Class have been given the opportunity to object to the Settlement or to exclude themselves from its provisions. In addition, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, the Texas Office of the Attorney General and any other state attorney general where Class Members resided at the time notice was issued have been given notice of the Settlement.

All parties consented to this Court's jurisdiction to rule on a Motion for Final Approval of the Settlement (including entry of final judgment following approval), pursuant to 28 U.S.C. § 636. Having received and considered the Settlement, the supporting papers filed by the parties, the application for final approval of the settlement of this class and collective action (including an award of Plaintiffs' attorneys' fees and reimbursement of the Administrator's expenses), and

1

the evidence and argument received by the Court at the final approval hearing on August 4, 2015, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The "FLSA Class" covered by this order is defined as: All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January 1, 2012 through the applicable date(s) of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area outside of Alaska, California, New Mexico, North Dakota, Ohio, and Pennsylvania.

2. The "additional Field Specialists covered by the Court's June 26, 2015 Order" include those Field Specialists who received a Class Notice and Consent Form pursuant to the Court's June 26, 2015 Order approving the parties' Joint Motion for Supplemental Notice.

3. The "Rule 23 Class" is defined as consisting of all of the members of the following sub-classes, which are defined as follows:

> All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January 1, 2012 through the applicable date(s) of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area in Alaska (the "Alaska sub-class").
>
> All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January 1, 2010 through the applicable date(s) of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area in California (the "California sub-class").
>
> All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January 1, 2011 through the applicable date(s) of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area in New Mexico (the "New Mexico sub-class").
>
> All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January

> 1, 2012 through the applicable date(s) of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area in North Dakota (the "North Dakota sub-class").
>
> All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January 1, 2012 through the applicable date(s) of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area in Ohio (the "Ohio sub-class").
>
> All persons who were employed by Baker Hughes Incorporated or any subsidiary as a Field Specialist at any time from January 1, 2011 through the applicable date(s) of reclassification to hourly status and who, as of December 27, 2013, had a current or most recent personnel area in Pennsylvania (the "Pennsylvania sub-class").

4. The "Settlement Class" in this order refers collectively to all members of the FLSA Class who submitted a timely and properly completed Consent Form, all additional Field Specialists covered by the Court's June 26, 2015 Order who submitted a timely and properly completed Consent Form, and all members of the Rule 23 Class (except those who filed Requests for Exclusion).

5. Pursuant to this Court's order of March 5, 2015, a Class Notice of the terms and conditions of the Settlement was provided to members of the FLSA Class. The Class Notice was accompanied by a Consent Form and a Work History Information Form. An Expanded Notice was sent to the members of the Rule 23 Class, accompanied by a Work History Information Form. A supplemental Class Notice and a Consent Form were provided to certain additional Field Specialists pursuant to this Court's June 26, 2015 Order. The applicable materials were sent to each recipient via first class United States Mail, at their last known address. These papers informed recipients of the terms of the Settlement. As to FLSA Class Members and the additional Field Specialists covered by the Court's June 26, 2015 Order, the papers informed them of their right to opt-in to this lawsuit by filing a Consent Form. Rule 23

3

Class Members were informed of their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies (if applicable), including their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Rule 23 Class Member filed written objections to the Settlement as part of this notice process or stated his or her intent to appear at the final approval hearing.

5. The Court finds and determines that this notice procedure afforded adequate protections to FLSA Class members, the additional Field Specialists covered by the Court's June 26, 2015 Order, and the Rule 23 Class members, and provides the basis for the Court to make an informed decision regarding approval of the Settlement. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

6. For the reasons stated in the Court's preliminary approval order, the Court finds and determines that the proposed FLSA Class, additional Field Specialists covered by the Court's June 26, 2015 Order, and Rule 23 Class, as defined above, meet all of the legal requirements for collective class and class certification of a settlement class, and it is hereby ordered that these Classes are finally approved and certified as settlement classes for purposes of settlement of this action.

7. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each Class Member. The members of the Settlement Class shall be bound by the Settlement. The Settlement is ordered finally approved, and all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

8.     The Court finds that Defendant has fully complied with CAFA's notice requirements.

9.     The Court finds and determines that the payments to be made to the Settlement Class Members as provided for in the Settlement are fair and reasonable. The Court hereby gives final approval to and orders that payment of those amounts be made to the Settlement Class Members out of the Maximum Settlement Amount in accordance with the terms of the Settlement.

10.    The Court hereby grants and approves the application presented by Class Counsel for an award of attorneys' fees in the amount of 25% of the Maximum Settlement Amount, inclusive of all costs and expenses. In addition, the Court authorizes the reimbursement, up to the estimated amount, of the fees and expenses of Kurtzman Carson Consultants, the settlement and claims administrator approved by the Court in the Court's preliminary approval order.

11.    The Court hereby grants and approves the application presented by the Class Representatives for an incentive award in the amount of Ten Thousand Dollars ($10,000.00) each, as set out in the Settlement.

12.    Pursuant to the Settlement, all members of the Settlement Class release and are permanently barred from prosecuting against Defendant and each of its respective past, present and future owners, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans,

401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Defendant (the "Released Parties"), the "Released Claims."

13. The "Released Claims" are defined as: All claims, rights, demands, liabilities and causes of action of every nature and description whatsoever, whether known or unknown, that were asserted in the Lawsuit or that otherwise relate in any way to the payment, non-payment, underpayment, and/or delayed payment of wages during the Class Period,[1] including but not limited to claims under the Fair Labor Standards Act, Alaska Wage and Hour Act, California Labor Code, California Unfair Competition Law, New Mexico Minimum Wage Act, North Dakota Century Code, North Dakota Minimum Wage and Work Conditions Order, Ohio Minimum Fair Wage Standards Act, and Pennsylvania Minimum Wage Act; provided, however, that this Release shall not cover any time spent as a Field Supervisor.

14. With respect to the Released Claims, the members of the California sub-class, additional Field Specialists covered by the Court's June 26, 2015 Order, and all members of the FLSA Class stipulate and agree that, upon the Effective Date, the members of the Settlement

---

[1] In this Order, the "Class Period" is defined as:

For members of the FLSA Class, additional Field Specialists covered by the Court's June 26, 2015 Order who did not have personnel areas in California, New Mexico, or Pennsylvania, the Alaska sub-class, the North Dakota sub-class, and the Ohio sub-class, January 1, 2012 through the applicable date(s) of reclassification to hourly status;

For members of the California sub-class and additional Field Specialists covered by the Court's June 26, 2015 Order who had a personnel area in California, January 1, 2010 through the applicable date(s) of reclassification to hourly status; and

For members of the New Mexico sub-class and Pennsylvania sub-class and additional Field Specialists covered by the Court's June 26, 2015 Order who had a personnel area in New Mexico or Pennsylvania, January 1, 2011 through the applicable date(s) of reclassification to hourly status.

Class shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release.

15. The Court makes no finding or judgment as to the validity of any Released Claim or whether Defendant is liable under the Fair Labor Standards Act or any other applicable law.

16. The parties are hereby ordered to comply with the terms of the Settlement.

17. This action and the claims alleged in the Complaints filed in the action are hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

18. Without affecting the finality of this Final Order and Final Judgment in any way, this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

IT IS SO ORDERED.

Dated: __August 4__, 2015

_____
The Honorable John R. Froeschner
United States Magistrate Judge